**BIGELOW–SANFORD CARPET COMPANY, Inc., Plaintiff,**

**v.**

**FEDERAL TRADE COMMISSION and Earl W. Kintner, Robert T. Secrest, Sigurd Anderson, William C. Kern, and Edward T. Tait, Individually and as Members of the Federal Trade Commission, Defendants.**

**Civ. A. No. 492–60.**

United States District Court
District of Columbia.
March 4, 1960.

---

12. Plaintiff's complaint, paragraph 7.

13. Sec. 4(b), Administrative Procedure Act, 60 Stat. 238 (1946), 5 U.S.C.A. § 1003(b).

Mathias F. Correa, Cahill, Gordon, Reindel & Ohl, New York City, Eugene F. Sikorovsky, Washington, D. C., for plaintiff.

Oliver Gasch, U. S. Atty., John F. Doyle, Asst. U. S. Atty., Washington, D. C., for defendants.

YOUNGDAHL, District Judge.

As in Courtaulds (Alabama), Inc. v. Kintner, D.C., 182 F.Supp. 207, plaintiff a textile manufacturer, has moved the Court to enjoin the defendants from enforcing their Rules and Regulations under the Textile Act, 15 U.S.C. §§ 70–70k. The Court has fully discussed its views in a memorandum in Courtaulds, which is attached and made a part hereof.

In plaintiff's "Application for order Establishing Generic Name for Manufactured Fiber" filed with the F.T.C. on December 11, 1959, plaintiff states at p. 15:

"The chemical composition of the polynosic fibers is identical with that of all natural and manufactured cellulosic fibers. However, fundamental differences in structure exist between natural cellulosic fibers and the presently-known manufactured cellulosic fibers, defined as rayon."

The F.T.C.'s Notice Denying Application, dated February 8, 1960, stated:

"The application describes the
. candidate fiber as being reconstituted cellulose and states that its chemical composition is identical to that of natural and manufactured cellulosic fibers. Regenerated cellulosic fiber being rayon, it therefore follows that polynosic fiber and rayon are of identical chemical composition or, in other words, contain the same fiber-forming substance."

On the record before it, the Court cannot say the plaintiff will probably succeed on the merits in a showing that its fiber is not within the definition of rayon as it appears in Sec. 303.7d. Moreover, an injunction would be particularly inappropriate here in light of plaintiff's inadequate showing of irreparable injury. On oral argument, it appeared that while some sales are presently being made, the substantial amount of plaintiff's fiber will not be produced until its plant is completed which will not occur until the end of this year. And see discussion in Courtaulds.

Counsel for the defendant is requested to submit findings of fact, conclusions of law and an order in conformity with this opinion.

The motion for a preliminary injunction is denied.